**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JEFFREY JAMES FAULKNER,        )<br>                                                    )<br>              Petitioner,              )<br>                                                    )<br>v.                                               )<br>                                                    )<br>DORA B. SCHRIRO, et al.,         )<br>                                                    )<br>              Respondents.           )<br>_____) | No. CV 05-0148-PHX-SMM<br><br>**ORDER** |

      Before the Court is Petitioner's Motion for Reconsideration RE: Rule 60(b) (Doc. 72). After considering Petitioner's arguments, the Court finds as follows.

### BACKGROUND

      Petitioner Jeffrey James Faulkner, who is confined in the Arizona State Prison Complex in Florence, filed his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 12, 2005 (Doc. 1). That petition was ordered served, but on May 9, 2005, Petitioner sought leave to amend his petition. (Doc. 10). The motion was granted (Order 10/20/05, Doc. 17), and Petitioner's First Amended Petition (Doc. 18) was filed the same day. Thereafter, on March 2, 2006, Petitioner filed his second motion to amend (Doc. 24), which was granted on March 29, 2006, resulting in the filing of the present Second Amended Petition for Writ of Habeas Corpus (Doc. 26). The matter was referred to Magistrate Judge Jay R. Irwin for a Report and Recommendation.

      On April 16, 2007, the Magistrate Judge filed a Report and Recommendation with this Court (Doc. 15). On June 15, 2007, Petitioner filed his Objection (Doc. 55) to the Report and Recommendation which was accompanied by a Declaration (Doc. 56). Then,

on October 9, 2007, this Court issued an Order adopting Judge Irwin's recommendation, denying the Petitioner's Second Amended Petition for Writ of Habeas Corpus, and dismissing the action with prejudice (Doc. 57). Judgment was entered against Petitioner the same day (Doc. 58). On October 22, 2007, Petitioner filed a Notice of Appeal (Doc. 59) , and on January 31, 2008, the appeal was terminated by the Ninth Circuit Court of Appeals (Doc. 69). A later filed "Motion Requesting an Extension of Time to File a Petition for Rehearing" was construed by the Ninth Circuit as a motion to reconsider and denied (Doc. 71). Finally, Petitioner filed the present Motion for Reconsideration on January 12, 2009 (Doc. 72), over a year after this Court's Order adopting the Report and Recommendation and the entry of judgment.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 60(b) permits reconsideration of a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b)(1)-(b)(6). Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

A Rule 60(b) motion must be brought within a "reasonable" time, which cannot be more than one year if the motion is based on mistake, newly-discovered evidence, or fraud. See Fed. R. Civ. P. 60(b).

**DISCUSSION**

Petitioner asks the Court to reconsider its October 9, 2007 ruling adopting the Report and Recommendation of the magistrate judge and denying his Second Amended Petition for Writ of Habeas Corpus.  Specifically, Petitioner asks the Court to reconsider Ground Four of Petitioner's Second Amended Petition for Writ of Habeas Corpus, in which he alleges that his due process rights were violated by the aggravation of his sentence by factors not determined by the jury, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).  Petitioner states that he has been alerted to a "new intervening change in controlling law" that affects his Apprendi claim for relief and makes it meritorious.  This alleged new controlling law is the Ninth Circuit case of Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), decided after Petitioner's appeal was dismissed.

Petitioner bases his Motion for Reconsideration on Rule 60(b)(6), which allows a court to amend a judgment for "any other reason justifying relief from the operation of the judgment." (Doc. 72, p.4)  Petitioner argues that the Ninth Circuit's decision in Butler v. Curry, 528 F.3d 624 is such a reason justifying relief from the operation of the judgment (Id. p.5).

However, it is well settled that Rule 60(b)(6) is to be "used sparingly" and only to "prevent manifest injustice." U.S. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).  "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id.; see also United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005); Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103-04 (9th Cir. 2006).  "In order to bring himself within the limited area of Rule 60(b)(6), a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971).  Petitioner's central argument under Rule 60(b)(6) is that the change in the law embodied in Butler constitutes an "extraordinary circumstance" under the rule.

1 This argument must be rejected as a subsequent change in the law does not constitute an 2 extraordinary circumstance for purposes of Rule 60(b)(6).  <u>Tomlin v. McDaniel</u>, 865 F.2d 3 209 (9th Cir. 1989).  Petitioner was not prevented from taking action to correct what he 4 alleged was an erroneous judgment by this Court.  Indeed, Petitioner timely appealed to 5 the Ninth Circuit and the judgment against him became final before the law changed, and 6 thus, his motion will be denied.

7 Furthermore, the Court's interest in finality weighs against finding fifteen months 8 a reasonable time for bringing this Rule 60(b) motion.  The Court's Order adopting the 9 magistrate judge's Report and Recommendation was dated October 9, 2007 (Doc. 57). 10 Judgment was entered against Plaintiff that same day (Doc. 58).  Plaintiff then appealed 11 the judgement against him to the Ninth Circuit (Doc. 59), which subsequently dismissed 12 the appeal and denied reconsideration (Docs 69,71).  Only after his appeal was 13 unsuccessful did Petitioner file this Motion for Reconsideration under Rule 60(b) on 14 January 12, 2009 (Doc. 72).  The Court finds that Petitioner's motion was not timely 15 filed.

16 Accordingly,

17 **IT IS HEREBY ORDERED DENYING** Petitioner's Motion for Reconsideration 18 RE: Rule 60(b) (Doc. 72).

19 DATED this 9th day of April, 2009.

_____
Stephen M. McNamee
United States District Judge